## KLEIN v. UTZ.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

ATTORNEY AND CLIENT (§ 166*)—ACTIONS FOR COMPENSATION—EVIDENCE.

In an attorney's action against his client, where he relied on the client's written agreement to pay $300 as a retainer, while she was permitted to orally testify that she only agreed to pay that amount in case she was successful in an action brought by the attorney for her, a verdict for the client was so contrary to the evidence as to lead to the conclusion that it was induced by prejudice, or some consideration other than the evidence.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 368–372; Dec. Dig. § 166.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Peter Klein against Emma Utz. From a judgment on a verdict for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Peter Klein, of New York City, in pro. per.
Bernhard Bloch, of Brooklyn, for respondent.

SEABURY, J. The plaintiff, an attorney at law, sues to recover $250, the balance remaining unpaid under a written contract. The

written contract provided that the defendant should pay the plaintiff "the sum of $300 in cash as a retainer," and in addition thereto a percentage of the amount recovered. The defendant paid the plaintiff $50 in cash, instead of $300 agreed upon.

Upon the trial the plaintiff was permitted to testify that the agreement between them was that she would pay plaintiff $300 in the event that she recovered the money for which she engaged the plaintiff to recover in an action. Thus the written agreement was regarded as amounting to nothing, and the case was submitted to the jury to determine whether the agreement was that the plaintiff should have $300 in cash, or whether that sum should be contingent upon the success of a suit which he was employed to bring. The matter having been left to the jury, they also disregarded the written contract, and rendered judgment for the defendant. The verdict of the jury was so clearly contrary to the evidence as to lead to the conclusion that it must have been induced by prejudice, or some consideration other than the evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.